UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NOLAN DEMETRIUS JACKSON,<br><br>            Plaintiff,<br><br>      vs.<br><br>JAMES YATES, et al.,<br><br>            Defendants. | 1:10-cv-02172-GSA-PC<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION<br>(Doc. 12.) |

**I.     BACKGROUND**

Nolan Demetrius Jackson ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis with this civil rights action pursuant to 42 U.S.C. §1983. Plaintiff filed the Complaint commencing this action on November 22, 2010. (Doc. 1.) On December 8, 2010, Plaintiff consented to the jurisdiction of a Magistrate Judge under 28 U.S.C. § 636(c), and no other parties have appeared. (Doc. 5.) Therefore, pursuant to Appendix A(k)(4) of the Local Rules of the Eastern District of California, the undersigned shall conduct any and all proceedings in the case until such time as reassignment to a District Judge is required. Local Rule Appendix A(k)(3).

On April 23, 2013, the Court dismissed this action for failure to state a claim, based on Plaintiff's failure to file an amended complaint pursuant to the Court's order of March 20, 2013. (Doc. 8.) On May 6, 2013, Plaintiff filed a notice of change of address and a motion for an extension of time to file the amended complaint. (Doc. 10.) On May 23, 2013, the court entered an order denying Plaintiff's motion, without prejudice to renewal of the motion within thirty days, as instructed by the order. (Doc. 11.) The order instructed Plaintiff that he must

file a declaration, signed under penalty of perjury, advising the court of (1) the date he was transferred from Pleasant Valley State Prison (PVSP) to Chino, (2) the duration of his detention in Ad-Seg, (3) his efforts to obtain the court's address and correspond with the court, (4) the date he was assaulted and taken to the hospital, (5) the extent of his injuries from the assault, (6) what he means by "still not grounded fully," and (7) why he did not notify the court of his new address until May 6, 2013.  (Id. ¶III.)

On June 17, 2013, Plaintiff responded to the court's order by filing a declaration, which the court construes as a motion for reconsideration.  (Doc. 12.)

## II.     MOTION FOR RECONSIDERATION

The Court has discretion to reconsider and vacate a prior order.  Barber v. Hawaii, 42 F.3d 1185, 1198 (9th Cir. 1994); United States v. Nutri-cology, Inc., 982 F.2d 394, 396 (9th Cir. 1992).  Motions to reconsider are committed to the discretion of the trial court.  Combs v. Nick Garin Trucking, 825 F.2d 437, 441 (D.C. Cir. 1987); Rodgers v. Watt, 722 F.2d 456, 460 (9th Cir. 1983) (en banc).  Motions for reconsideration are disfavored, however, and are not the place for parties to make new arguments not raised in their original briefs.  Zimmerman v. City of Oakland, 255 F.3d 734, 740 (9th Cir. 2001); Northwest Acceptance Corp. v. Lynnwood Equip., Inc., 841 F.2d 918, 925-26 (9th Cir. 1988).  Nor is reconsideration to be used to ask the court to rethink what it has already thought.  Walker v. Giurbino, 2008 WL 1767040, *2 (E.D.Cal. 2008).  To succeed, a party must set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision.  See Kern-Tulare Water Dist. v. City of Bakersfield, 634 F.Supp. 656, 665 (E.D. Cal. 1986), affirmed in part and reversed in part on other grounds, 828 F.2d 514 (9th Cir. 1987).  When filing a motion for reconsideration, Local Rule 230(j) requires a party to show the "new or different facts or circumstances claimed to exist which did not exist or were not shown upon such prior motion, or what other grounds exist for the motion."  L.R. 230(j).

**Plaintiff's Motion**

Plaintiff requests the court to reconsider its order of April 23, 2013 which dismissed this action.  Plaintiff requests the court to reopen this case and grant him an extension of time to file

2

an amended complaint. Plaintiff asserted in his motion of May 6, 2013 that he did not receive the court's order of March 20, 2013, which required him to file an amended complaint within thirty days. (Doc. 10.) Plaintiff claimed he could not advise the court of his current address because he was transferred to Chino State Prison and detained in Administrative Segregation (Ad-Seg), without access to the law library, legal mail, legal documents, or the court's address, causing him to be unable to correspond with the court. (Id.) Plaintiff also asserted that he was assaulted and suffered serious injuries, and was "still not fully grounded." (Id.)

Plaintiff now declares under penalty of perjury that he was transferred from PVSP to the California Rehabilitation Center (CRC) [in Norco, California] on February 21, 2013, arriving at CRC on February 25, 2013. (Declaration ¶2.) On March 31, 2013, Plaintiff was seriously assaulted and sent to an outside hospital, where he received a CAT scan. (Id. ¶3.) Plaintiff suffered a concussion, a fractured nose, a black eye, massive swelling to his lips, and immense pain and swelling to the left side of his head, which is still swollen today. (Id.) On April 5, 2013, Plaintiff was transferred to the California Institution for Men (CIM) [in Chino, California] and housed in Ad-Seg, where he has remained to date. (Id. ¶4.)

**Discussion**

Plaintiff's argument that his case should be reopened because he did not receive the court's order is unpersuasive. Plaintiff claims that he was unable to notify the court of his change of address after he was transferred from PVSP because he was seriously injured, and because he was detained in Ad-Seg without access to the law library, legal mail, legal documents, or the court's address. However, Plaintiff has not explained his efforts to correspond with the court while he was in Ad-Seg, or why he did not inform the court of his change of address during the month before he was assaulted or detained in Ad-Seg. Plaintiff was advised in the court's First Informational Order of November 24, 2010 that he is required by court rules to keep the court apprised of his address, and that service of court orders at his prior address would constitute effective notice. (Order, Doc. 3 ¶11.) Plaintiff was also forewarned that his failure to comply with court rules or a court order could be grounds for dismissal of the action. (Id. at 1:23-25.)   Under the facts provided by Plaintiff, Plaintiff failed

to inform the court of his changes of address for more than two months, between February 25, 2013 and May 6, 2013, during which time the court continued to use his prior address at PVSP. Despite the court's order requiring him to explain why he did not notify the court of his new address until May 6, 2013, Plaintiff has not offered any reasonable explanation.  Plaintiff has not set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision, and therefore his motion for reconsideration shall be denied.

### III.     CONCLUSION

For the foregoing reasons, IT IS HEREBY ORDERED that:

1. Plaintiff's motion for reconsideration, filed on June 7, 2013, is DENIED; and
2. The court shall not consider any further motions for reconsideration in this case.

IT IS SO ORDERED.

Dated:   **June 27, 2013**              **/s/ Gary S. Austin**
                                        UNITED STATES MAGISTRATE JUDGE